FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 07 2018

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**JOEL TORRES**                                                                 **PLAINTIFF**

vs.                               Case No. 3:18-cv-148-DPM

**CENTRAL ARKANSAS MENTOR SOCIETY, INC.,**
**d/b/a MAIN STREET PIZZA OF WALNUT RIDGE,**
**JUAN CARLOS AGUILAR and BRITTANY AGUILAR**      **DEFENDANTS**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Joel Torres ("Plaintiff"), by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Central Arkansas Mentor Society, Inc., d/b/a Main Street Pizza of Walnut Ridge, Juan Carlos Aguilar and Brittany Aguilar (collectively "Defendants"), and in support thereof he does hereby state and allege as follows:

This case assigned to District Judge Marshall
and to Magistrate Judge _____

### I. INTRODUCTION

1.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff minimum wage and overtime compensation for all hours that Plaintiff worked in excess of forty (40) per workweek.

## II. JURISDICTION AND VENUE

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff's claim under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

4. This Court has supplemental jurisdiction over Plaintiff's AMWA claim pursuant to 28 U.S.C. § 1367(a).

5. Defendants conduct business within the State of Arkansas, with their principal place of operation being in Walnut Ridge.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

7. Plaintiff was employed at Defendants' facility located in the Eastern District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is a citizen of the United States and a resident of and domiciled in the State of Arkansas.

10. Plaintiff was hired by Defendants to work as a manager at Central Arkansas Mentor Society d/b/a Main Street Pizza of Walnut Ridge from November of 2017 until July of 2018.

11. During Plaintiff's employment, Defendants classified Plaintiff as exempt from the minimum wage and overtime requirements of the FLSA and the AMWA and paid Plaintiff a salary.

12. At all times material hereto, Plaintiff was entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

13. Defendant Central Arkansas Mentor Society, Inc., d/b/a Main Street Pizza of Walnut Ridge ("Main Street Pizza"), is a nonprofit, domestic corporation, created and existing under and by virtue of the laws of the State of Arkansas, owning and operating a pizzeria in Walnut Ridge.

14. Defendant Main Street Pizza's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

15. During each of the three years preceding the filing of this Complaint, Defendant Main Street Pizza employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

16. Defendant Main Street Pizza principal address is 205 & 207 West Main Street, Walnut Ridge, Arkansas 72476.

17. Defendant Main Street Pizza's registered agent for service of process in the State of Arkansas is Juan Carlos Aguilar, 205 & 207 West Main Street, Walnut Ridge, Arkansas 72476.

18. Defendant Main Street Pizza was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

19. Defendant Main Street Pizza has all times relevant hereto employed four or more individuals.

20. Defendant Juan Carlos Aguilar is co-owner and Director of Main Street Pizza, and is an individual who resides in the State of Arkansas.

21. Defendant Juan Carlos Aguilar has at all times relevant hereto controlled the day-to-day operations of Main Street Pizza such that he is liable to Plaintiff as an employer under the FLSA.

22. Defendant Juan Carlos Aguilar established and maintained the policies at issue in this case.

23. Defendant Juan Carlos Aguilar was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

24. Defendant Brittany Aguilar is co-owner of Main Street Pizza, and is an individual who resides in the State of Arkansas.

25. Defendant Brittany Aguilar has at all times relevant hereto controlled the day-to-day operations of Main Street Pizza such that she is liable to Plaintiff as an employer under the FLSA.

26. Defendant Brittany Aguilar established and maintained the policies at issue in this case.

27. Defendant Brittany Aguilar was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

### IV. FACTUAL ALLEGATIONS

28. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

29. During Plaintiff's employment, Plaintiff worked for Defendants as a manager and was responsible for hiring and training new employees, making produce orders, creating the restaurant's menu and keeping the kitchen clean.

30. Plaintiff was hired to work a schedule of approximately sixty (60) to seventy (70) hours or more per week for Defendants.

31. Plaintiff was paid a salary for all hours worked, with no overtime premium for hours worked in excess of forty (40) hours per week.

32. Plaintiff never agreed that his salary would be sufficient to cover all hours worked.

33. Plaintiff's compensation was $450.00 per week, and thus was less than $455.00 per week and was not more than $100,000.00 per year.

34. Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

35. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

36. In performing his services for Defendants, Plaintiff was not required to utilize any professional education relevant to his job duties.

37. Defendants did not pay Plaintiff minimum wage and overtime compensation of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) hours per week.

38. Defendants knew or showed reckless disregard for whether the way they paid Plaintiff violated the FLSA.

## IV. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

39. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

40. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

41. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

42. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

44. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiff minimum wage and

overtime compensation of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

45.  Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

46.  By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the two (2) years prior to the filing of this Complaint.

47.  Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

48.  Plaintiff repeats and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

49.  Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

50.  At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

51.  Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

52. Defendants classified Plaintiff as exempt from the minimum wage and overtime requirements of the FLSA and the AMWA.

53. Despite the entitlement of Plaintiff to minimum wage and overtime compensation under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

54. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

55. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the two (2) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

56. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Joel Torres respectfully prays as follows:

A.   That each Defendant be summoned to appear and answer this Complaint;

B.   That each Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C.   A declaratory judgment that Defendants' practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

D. A declaratory judgment that Defendants' practices alleged herein violate the AMWA and the related regulations;

E. Judgment for damages for all unpaid overtime wage compensation owed to Plaintiff under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

F. Judgment for damages for all unpaid overtime wage compensation under the AMWA and the related regulations;

G. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

H. Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

I. For a reasonable attorney's fee, costs, and pre-judgment interest; and

J. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF JOEL TORRES**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com